UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JEREMY KEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WHITNEY ANN LOVEJOY HINES and ALEX HINES,<br><br>　　　　Defendants. | Case No. 17-cv-03780-LB<br><br>**ORDER REASSIGNING CASE;<br>REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 16 |

## INTRODUCTION

The plaintiff Jeremy Kee filed a *pro se* second amended complaint alleging that his ex-wife Whitney Hines abandoned their minor son J.T. Mr. Kee brings two claims in the second amended complaint: a federal claim under the Declaratory Judgment Act (28 U.S.C. § 2201) for a declaratory judgment that Ms. Hines abandoned J.T. and a California state-law claim for intentional infliction of emotional distress.[1]

Mr. Kee consented to magistrate-judge jurisdiction.[2] The defendants have not appeared and thus they have not consented to magistrate-judge jurisdiction. The court therefore reassigns the

---

[1] *See generally* Second Amended Complaint ("SAC") – ECF No. 16. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] ECF No. 8.

ORDER REASSIGNING CASE; REPORT & RECOMMENDATION – No. 17-cv-03780-LB

case to a district court judge in light of the Ninth Circuit's recent decision in *Williams v. King*, No. 15-15259 (9th Cir. Nov. 9, 2017).[3]

The court concludes that second amended complaint does not remedy the defects the court identified in its order dismissing the first amended complaint.[4] The court lacks subject-matter jurisdiction over the state-law claim because it is primarily about a custody dispute. Mr. Kee alludes to conflicting legal obligations, but the allegations added to the amended complaint do not demonstrate that he in fact has conflicting legal obligations. The undersigned therefore recommends that the district court judge dismiss the second amended complaint for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B).

## STATEMENT

Mr. Kee adds the following new facts to the second amended complaint. There is a dispute between the parties about whether Ms. Hines has abandoned JT that had "led to inconsistent State rulings/approaches to child support."[5] There is a "dispute between the agencies . . . of California and Utah as to whether [Mr. Kee] or [Ms. Hines] owes child support for JT."[6] More specifically, "the State of Utah has failed to recognize JT's legal abandonment under Utah State Code 76-5-109 and has continued to hold [Mr. Kee] responsible for child support arrearage (in excess of fifty thousand dollars) . . . ."[7] Mr. Kee alleges that California has recognized his status as *de facto* custodial parent.[8] He cites to a "good cause statement" referencing California Penal Code 278.4 that he filed with the County of Sonoma Office of the District Attorney reporting that J.T. had been

---

[3] In *Williams*, the Ninth Circuit concluded that a plaintiff's consent alone is not sufficient to satisfy the requirement of consent of all parties for jurisdiction to vest in the magistrate judge. *Williams*, No. 15-15259, slip op. at 9.

[4] Order – ECF No. 13.

[5] *Id.* at 9 (¶ 39).

[6] *Id.* at 10 (¶ 40).

[7] *Id.* at 2 (¶ 7).

[8] *Id.*

ORDER; REPORT AND RECOMMENDATION – No. 17-cv-03780-LB      2

a victim of abandonment.⁹ The complaint attaches the following additional documents in support of these allegations:

- Utah Office of Recovery Services statement of past-due support Mr. Kee owes to Ms. Hines (Ex. A);

- From the Sonoma County Department of Child Support: letter to Mr. Kee attaching forms for establishing Utah child support and health insurance (Ex. C); e-mail indicating that Sonoma County attempted to contact Utah officials regarding child support, custody issues and report of abandonment (Ex. D); approval of Family Violence Indicator (Ex. E); Investigation Summary Report (Ex. L);

- Child Abuse and Neglect Report Mr. Kee filed with the State of Utah (Ex. F);

- Letters related to J.T.'s relationship with his parents and mental health (Exs. G–I);

- Statement of Support Registration filed by Ms. Hines, claiming custody of J.T., issuing order for payment, and naming Mr. Kee as the obligor (Ex. J);

- Sebastopol Police Incident Report regarding the Statement of Support Registration (Ex. K);

- Temporary Protective Order from the 3rd District Court Salt Lake County naming Ms. Hines as the petitioner and Mr. Kee as the respondent (Ex. M).

This is Mr. Kee's third complaint. The court dismissed Mr. Kee's original complaint and first amended complaint for lack of subject-matter jurisdiction.¹⁰ The order dismissing the first amended complaint explained that the court does not have subject-matter jurisdiction over custodial disputes, and that while Mr. Kee references conflicting legal obligations, he did not plead any facts demonstrating that he in fact had conflicting legal obligations.¹¹ The court granted leave to amend in order to allow Mr. Kee to provide more facts about his conflicting legal obligations, which would be a basis for subject-matter jurisdiction.

---

⁹ *Id.* at 2–3 (¶ 8); Good Cause Statement, Ex. B – ECF No. 16 at 15.

¹⁰ *See generally* Orders – ECF Nos. 10, 13.

¹¹ SAC – ECF No. 16 at 6–7.

ORDER; REPORT AND RECOMMENDATION – No. 17-cv-03780-LB     3

The second amended complaint brings two claims: (1) a claim under the Declaratory Judgment Act seeking a declaratory judgment that Ms. Hines has abandoned JT and relieving Mr. Kee from his child support obligations; and (2) a claim for intentional infliction of emotional distress.[12]

## GOVERNING LAW

A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made,

---

[12] *Id.* at 10 (¶ 41).

ORDER; REPORT AND RECOMMENDATION – No. 17-cv-03780-LB    4

unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

## ANALYSIS

The second amended complaint does not cure the deficiencies the court identified in the first amended complaint.[13] The court does not have subject-matter jurisdiction over Mr. Kee's intentional infliction of emotional distress claim because it primarily concerns a dispute between parents over custody of their children. The claim under the federal Declaratory Judgment Act (28 U.S.C. § 2201) fails because Mr. Kee does not plead an independent basis for federal jurisdiction. Therefore, the court dismisses the second amended complaint but will give Mr. Kee one final opportunity to amend his complaint to provide facts establishing subject-matter jurisdiction over the claims.

### 1. Intentional Infliction of Emotional Distress Claim

The second amended complaint brings a California state-law claim for intentional infliction of emotional distress. The court does not have jurisdiction over this claim because it is primarily about Mr. Kee's custody dispute with Ms. Hines.

As the court explained in its prior order, even if diversity exists and the amount in controversy is satisfied, federal courts in diversity actions do not have jurisdiction to resolve domestic relations claims concerning child custody.[14] *Ankenbrandt v. Richards*, 504 U.S. 689, 693–95 (1992). Federal courts in diversity actions involving domestic issues may, however, enforce rights that arise independently. *See id.* at 705–06 (finding jurisdiction when children alleged their father physically abused them); *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 947 (9th Cir. 2008) (granting declaratory relief voiding a state divorce decree because it violated federal due-process rights). Federal courts may decide which decree to enforce when an individual has

---

[13] *See generally* Order – ECF No. 13.

[14] Order – ECF No. 14.

conflicting legal obligations relating to domestic obligations. *See Rash v. Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999) (resolving conflicting divorce decrees).

The intentional-infliction-of-emotional-distress claim focuses on a dispute between Mr. Kee and Ms. Hines over custody of their children. In support of the claim, Mr. Kee alleges that Ms. Hines, "abetted by" Mr. Hines, has "undermined [his] *de facto* custody of JT." He also states that Ms. Hines is "fraudulently seeking to collect child support as if she has not abandoned J.T."[15] Mr. Kee complains of Ms. Hines's attempt to terminate his parental rights.[16] Mr. Kee also references a temporary protective Ms. Hines's obtained fifteen minutes before a mediation hearing and Ms. Hines refusal to look at JT during the hearing.[17]

These allegations all relate to a custody dispute and child-support payments. The court does not have jurisdiction over the claim because it is not primarily about Mr. Kee's custody dispute with Ms. Hines.

### 2. Conflicting Legal Obligations

Mr. Kee states that the court needs to resolve "inconsistent and contradictory State Court rulings on the issue in accordance with the Federal Child Welfare Act."[18] The allegations in the complaint, however, do not demonstrate that Mr. Kee has conflicting legal obligations.

The complaint states that on the one hand, "[t]he State of Utah has failed to recognize JT's legal abandonment . . . and has continued to hold Jeremy responsible for child support arrearage . . . even though Jeremy has had de facto custody of JT since May 2013."[19] On the other hand, "the State of California has recognized Jeremy's status as de facto custodial parent and the reality of Whitney's abandonment of JT despite a Utah decree and May 2014 Court Order"[20]. The Good

---

[15] *Id.* at 10 (¶ 42–43).

[16] *Id.* at 11 (¶ 43).

[17] *Id.* at 10 (¶ 42–43).

[18] *Id.* at 12 (¶ 48).

[19] *Id.* at 2 (¶ 7).

[20] *Id.* at 2 (¶ 8).

ORDER; REPORT AND RECOMMENDATION – No. 17-cv-03780-LB     6

Cause statement that Mr. Kee cites to as evidence of a conflicting decree from California does not demonstrate a conflicting legal obligation.[21] It only establishes that he reported to Sonoma County that he believed Ms. Hines had violated the California penal code section relating to child abandonment.

The exhibits and new facts added to the second amended complaint do not relate to any conflicting legal obligations. Absent conflicting legal obligations, the court does not have jurisdiction to resolve Mr. Kee's claim concerning child custody and payments.

## 2. Declaratory Judgment Act

Because the court dismisses the predicate claim, the court also dismisses the claim under the Declaratory Judgment Act, 22 U.S.C. § 2201. Before declaratory relief can be granted, subject-matter jurisdiction must be independently satisfied. *E.g., Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). As explained above, Mr. Kee's "intentional infliction of emotional distress" claim does not independently satisfy subject-matter jurisdiction.

## CONCLUSION

The court orders that the case be reassigned to a district court judge and recommends that the district court judge dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B). Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file an objection may waive the right to review of the issue in the district court.

This disposes of ECF No. 16.

**IT IS SO ORDERED.**

Dated: November 30, 2017

LAUREL BEELER
United States Magistrate Judge

---

[21] Good Cause Statement, Ex. B – ECF. No. 16 at 2 (¶ 8).