UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEREMY KEE,<br><br>    Plaintiff,<br><br>vs.<br><br>WHITNEY ANN LOVEJOY HINES and ALEX HINES,<br><br>    Defendants. | Case No: C 17-3780 SBA<br><br>**ORDER OF DISMISSAL** |

Plaintiff Jeremy Kee filed the instant pro se action and request to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915 in this Court against his ex-wife, Whitney Ann Lovejoy Hines ("Whitney"), and her current husband, Alex Hines ("Alex"), alleging claims for declaratory relief and interference with his custodial and parental rights. Magistrate Judge Laurel Beeler ("Magistrate") has issued a Report and Recommendation ("R&R") which recommends the dismissal of the action for lack of subject matter jurisdiction. Plaintiff has filed objections to the R&R. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby OVERRULES Plaintiff's objections, ACCEPTS the R&R, and DISMISSES the instant action, without prejudice.

I. **BACKGROUND**

The instant action arises from a child support and custody matter involving Plaintiff and Whitney's minor child, JT. Plaintiff claims that, in the summer of 2013, Whitney authorized him to have custody of JT. Compl. ¶ 10, Dkt. 1. At some point, a Utah court ordered Plaintiff, under threat of contempt, to return JT to Whitney in Utah. Id. ¶ 12.

Plaintiff complied. However, Whitney told Plaintiff she no longer wanted to care for JT and returned him to live with Plaintiff in California. Id. ¶¶ 14, 19. Despite the fact that Whitney allegedly relinquished custody of JT to Plaintiff, and notwithstanding Plaintiff's "de facto" parent status, Plaintiff asserts that the State of Utah has continued to pursue child support from him. Id. ¶ 7. Unlike Utah, however, California allegedly has recognized Plaintiff's de facto parent status and refused Utah's efforts to collect past due child support from him. Id. ¶ 2. Based on the "conflicting" decisions by California and Utah regarding his child support obligations, Plaintiff seeks a judicial decree, inter alia, declaring his child support obligations "null and void." Id. ¶ 29.

On June 30, 2017, Plaintiff filed a Complaint in this Court alleging two claims against Defendants (1) under the Declaratory Judgment Act, 28 U.S.C. § 2201, and (2) for "interference with custody & parental rights." The pleadings alleged subject matter jurisdiction based on federal question and diversity jurisdiction. See 28 U.S.C §§ 1331, 1332. The Magistrate granted Plaintiff's request to proceed IFP, but found that Plaintiff had neither alleged any federal claims nor alleged facts sufficient to establish diversity jurisdiction. She dismissed the Complaint with leave to amend. Dkt. 10.

On August 23, 2017, Plaintiff filed a First Amended Complaint ("FAC"), which alleged the same claims as before. The Magistrate found that federal question jurisdiction was lacking because the federal declaratory relief claims failed to allege an independent basis of jurisdiction.[1] Similarly, she found that the Court lacked subject matter jurisdiction, pursuant to the domestic relations exception, which divests the federal courts of jurisdiction to resolve disputes involving custody and support decrees. See Ankenbrandt v. Richards, 504 U.S. 689, 702-703 (1992); see Thompson v. Thompson, 798 F.2d 1547, 1562 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988). In the FAC, Plaintiff's primary allegations were that Whitney had attempted to interfere with his de facto parental rights, and was "fraudulently"

---

[1] The Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).

**1** attempting to collect child support from him. Id. at 5-6.[2]  As such, the Magistrate dismissed
**2** the FAC with leave to amend.

**3** On October 10, 2017, Plaintiff filed a Second Amended Complaint ("SAC"), which
**4** again included a federal declaratory judgment claim, but added a claim for intentional
**5** infliction of emotional distress ("IIED").  On November 30, 2017, the Magistrate issued an
**6** order which found that Plaintiff had not rectified the previously-identified deficiencies that
**7** led to the dismissal of the two prior complaints.  Dkt. 20.  As to the new IIED claim, the
**8** Magistrate ruled that the Court lacks jurisdiction over such claim because, as before, it
**9** arises primarily from Plaintiff's custody dispute.  Finally, the Magistrate concluded that
**10** Plaintiff had failed to allege facts to support his contention that Utah and California
**11** imposed conflicting obligations.  Dkt. 20 at 6-7.  Based on the foregoing findings, the
**12** Magistrate's R&R recommends the reassignment of the action to a district judge and the
**13** dismissal of the SAC under 28 U.S.C. § 1915(e)(2)(B).  Dkt. 20 at 7.  On December 18,
**14** 2017, Plaintiff filed objections to the Magistrate's recommendations.[3]  Dkt. 23.

**15** ## II. <u>LEGAL STANDARD</u>

**16** The district court must review de novo "those portions of the report or specified
**17** proposed findings or recommendations to which objection is made."  Fed. R. Civ. P
**18** 72(b)(1); <u>see</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding
**19** that "[28 U.S.C. 636(b)(1) (c)] makes it clear that the district judge must review the
**20** magistrate judge's findings and recommendations de novo *if objection is made*, but not
**21** otherwise") (emphasis in original); <u>Holder v. Holder</u>, 392 F.3d 1009, 1022 (9th Cir. 2004).

---

[2] The FAC also alleged that the Court must resolve "inconsistent and contradictory State Court rulings … in accordance with the Federal Child Welfare Act."  Dkt. 13 at 6 (citing FAC ¶ 40).  It is unclear whether Plaintiff's reference to "Federal Child Welfare Act" was intended to refer to the Indian Child Welfare Act of 1978, 25 U.S.C. § 1901 et seq.  In any event, the Magistrate noted that there were no facts regarding any conflicting state court decisions.  Id.

[3] The accompanying envelope indicates a postmark of December 14, 2017.  For purposes of this Order, the Court will construe Plaintiff's objections as timely.  <u>See</u> Fed. R. Civ. P. 6(d) (deadline to act extended by three days when service by clerk is accomplished by mail).

**1** Factual findings are reviewed for clear error. Quinn v. Robinson, 783 F.2d 776, 791 (9th
**2** Cir. 1986). The Court may "accept, reject, or modify, in whole or in part, the findings or
**3** recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Plaintiff complains that the Magistrate erred in finding there were no facts demonstrating conflicting legal obligations imposed by Utah and California. Though not entirely clear, it appears that Plaintiff may be attempting to rely on the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, which imposes a duty on the states to enforce a child custody determination entered by a court of a sister state if the determination is consistent with the provisions of the Act. Thompson v. Thompson, 484 U.S. 174, 175-76 (1988). All states must accord full faith and credit to the first state's ensuing custody decree. Id. at 177. The PKPA, however, does not create a private cause of action to determine which of two conflicting state custody decrees is valid. Id. at 187.

The above notwithstanding, the SAC and its supporting exhibits (i.e., Exhibits A through C to the SAC) fail to support Plaintiff's contention that he is subject to conflicting custody or support orders. Exhibit A appears to be a statement from Utah's Office of Recovery indicating "past-due support" in the amount of $50,136.38. Exhibit B is a "Good Cause Notification to District Attorney Exception to California Penal Code 278.5" issued by the Sonoma County District Attorney's Office. California Penal Code § 278.5 makes parental abduction either a felony or misdemeanor. The notice appears to be a form document that Plaintiff countersigned and acknowledged receiving. Exhibit C is a copy of a letter from the Sonoma County Department of Child Support addressed to Plaintiff, asking him to provide notarized documents to support its request to the State of Utah to "help [it] establish child support and health insurance for [his] child." Notably, none of the documents even remotely supports Plaintiff's assertion that California and Utah have imposed conflicting support orders, let alone conflicting custody orders.

In sum, the Court has afforded Plaintiff notice of the deficiencies of his pleadings and multiple opportunities to cure them. The Court concludes that the Magistrate's

recommendation to dismiss the SAC is appropriate and that no further leave to amend is warranted. Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . , or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies.") (internal quotations and citations omitted).

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT the Plaintiff's objections to the R&R are OVERRULED. The Court ACCEPTS the Magistrate's R&R, which shall become the Order of the Court. Therefore, the Court dismisses the instant action without prejudice to Plaintiff's ability to present his claims in a paid complaint. Any appeal taken from this ruling will not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: 2/8/2018

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge